

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CASSANDRA NAYLOR,

    Plaintiff,

vs.                                              CASE NO.: CV-01-J-2084-S

ASSOCIATED BUILDERS &
CONTRACTORS, INC., et al.,

    Defendants.

**MEMORANDUM OPINION**

    This cause comes before the court on the defendants' motions to dismiss (docs. 9 and 14) which were previously set on the court's motion docket of January 17, 2002. The plaintiff has submitted a response to the defendants' motions (doc. 17). The court having reviewed the motions, memorandum and argument in support of said motions, and the plaintiff's response, the court is of the opinion that oral argument will not substantially assist this court. It is therefore **ORDERED** by the court that this case is **REMOVED** from the motion docket.

    The plaintiff sued Associated Builders & Contractors of Alabama, Inc. ("ABC Alabama"), and Associated Builders & Contractors, Inc., ("ABC National ") for Title VII violations, 42 U.S.C. §§ 2000e *et seq.*, invasion of privacy under Alabama law, and violations of ERISA, 29 U.S.C. §§ 1001 *et seq.*[1] Both defendants' motions assert that ABC

---

[1] The court does not have before it, and does not consider at this time, the merits of the plaintiffs' claims against either defendant.

1

Alabama was plaintiff's employer and that ABC National was not plaintiff's employer.[2] ABC Alabama also states that it did not have fifteen employees during any relevant time period and therefore it is not a covered employer as that term is defined by Title VII. Similarly, ABC Alabama argues that it did not have twenty employees within the relevant time frame and therefore is not subject to suit under ERISA. If plaintiff could establish she was employed by ABC National or jointly by ABC National and ABC Alabama, the defendants' motions to dismiss would be denied.

The plaintiff assert that she was employed by both defendants because ABC Alabama provides ABC National programs; ABC Alabama is governed by ABC National, ABC Alabama displays the ABC National emblem in various locations such as letterhead, brochures and key chains; the personnel manual bears the ABC National emblem (although the manual clearly states it is the ABC Alabama Personnel Manual); management of ABC Alabama goes to ABC National conventions; ABC Alabama answers its phone as "Associated Builders and Contractors;" and that ABC Alabama and ABC National have a common and joint purpose. Plaintiff's response at ¶ 7 a-j.

Title VII defines an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees ..." 42 U.S.C. § 2000e(b). If the plaintiff cannot establish that the defendant meets the statutory definition of an "employer," this court lacks jurisdiction to hear the plaintiff's claims. *See Virgo v. Riviera Beach Associates, Ltd.,* 30

---

[2]ABC National is a trade association. ABC Alabama is one of its chapters. See affidavit of Kathleen Berry at ¶ 4.

F.3d 1350, 1359 (11th Cir.1994). Plaintiff concedes that ABC Alabama alone does not meet the definition, and instead stresses the connections between ABC Alabama and ABC National.

The Eleventh Circuit has set forth three tests for whether the number of employees of distinct legal entities may be aggregated:

> First, where two ostensibly separate entities are "highly integrated with respect to ownership and operations," we may count them together under Title VII. This is the "single employer" or "integrated enterprise" test. Second, where two entities contract with each other for the performance of some task, and one company retains sufficient control over the terms and conditions of employment of the other company's employees, we may treat them as "joint employers" and aggregate them. This is the "joint employer" test. Third, where an employer delegates sufficient control of some traditional rights over employees to a third party, we may treat the third party as an agent of the employer and aggregate the two when counting employees (internal citations omitted).

*Lyes v. City of Riviera Beach, Florida*, 166 F.3d 1332, 1341 (11th Cir.1999).

Plaintiff makes no assertion which brings ABC Alabama within any of the above descriptions. Rather, plaintiff states that the local ABC chapter uses the logo of the national organization, and managers from the local chapter go to national meetings. Plaintiff also argues that ABC Alabama is referred to as a chapter of the national organization. The court finds that none of these assertions make the plaintiff an employee of the national chapter. She does not assert common management or common ownership, that she was supervised by ABC National in any form, or that her employer delegated the rights over employees locally to the national chapter. *See Lyes, supra; Llampallas v. Mini-Circuits, Lab., Inc.*, 163 F.3d 1236, 1244 (11th Cir.1998). *See also Walker v. Boys and Girls Club of America*, 38

3

F.Supp.2d 1326, 1330 (M.D.Ala.1999) (local chapter of Boys and Girls club of America and national organization not a "single employer"); *Webb v. American Red Cross, 652 F.Supp. 917* (D.Neb.1986) (local Red Cross chapter and national organization not a "single employer"). Thus, the court finds that it lacks jurisdiction over to hear the plaintiff's claim under Title VII.

      Similarly, ERISA states:

(a) In general

The plan sponsor of each group health plan shall provide, in accordance with this part, that each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event is entitled, under the plan, to elect, within the election period, continuation coverage under the plan.

(b) Exception for certain plans

Subsection (a) of this section shall not apply to any group health plan for any calendar year if all employers maintaining such plan normally employed fewer than 20 employees on a typical business day during the preceding calendar year.

29 USCA § 1161(b).

      ABC Alabama, by affidavit, states that it maintained a group health insurance plan for its employees and that ABC National had nothing to do with maintaining this plan. Affidavit of Jeffrey D. Masters at ¶ 12. Plaintiff does not dispute this averment. As such, the court finds it lacks jurisdiction over this claim as well.

      Plaintiff's remaining claim is a state law claim for invasion of privacy. 28 U.S.C. § 1367(a) provides that, in any action in which the district courts have original jurisdiction, them may exercise supplemental jurisdiction over state law claims related to federal claim.

However, once this court determines that subject matter jurisdiction over a plaintiff's federal claims does not exist, it must dismiss a plaintiff's state law claims. *See Scarfo v. Ginsberg DBG 94, Inc.,* 175 F.3d 957, 962 (11th Cir.1999).

It is therefore **ORDERED** by the court that the defendant ABC Alabama's motion to dismiss (doc. 14) be and hereby is **GRANTED.** It is further **ORDERED** that the defendant ABC National's motion to dismiss (doc. 9) be and hereby is **GRANTED**. This case is **DISMISSED.**

**DONE** and **ORDERED** this the 10 day of January, 2001.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE